UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
TRAVIS MORGAN,
:
        *Petitioner*,
:
  -v-
:      12 Cr. 464 (PAC)
UNITED STATES OF AMERICA,
:      16 Civ. 5410 (PAC)
        *Respondent*.
:
:      **ORDER DENYING PETITION**
:      **FOR HABEAS CORPUS**
:
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Petitioner Travis Morgan filed this petition on June 23, 2016, pursuant to 28 U.S.C. § 2255, to vacate his sentence arising from his conviction, following a guilty plea, for brandishing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Dkt. 33.) Petitioner argues that he never pleaded to the substantive robbery charge, which was dismissed and that his plea allocation reflects "ambiguity" regarding whether he pleaded to a § 924(c) count predicated on a substantive Hobbs Act robbery or a robbery conspiracy. (*See* Dkt. 33; 39.) Petitioner concedes that if the Court concludes his plea related to a substantive robbery rather than a robbery conspiracy then *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019), controls his habeas petition. Petitioner also argues that conspiracy to commit a Hobbs Act robbery, a crime to which he also pleaded guilty, cannot be the predicate offense for his § 924(c) conviction. He asks the Court to

1

vacate his § 924(c) conviction and schedule a resentencing on the remaining count of conviction.

The petition is denied. Notwithstanding, the prosecutor's mistaken recitation of elements at the plea allocution, Petitioner pleaded to brandishing a firearm in furtherance of a Hobbs Act robbery, which remains a valid § 924(c) predicate.

## BACKGROUND

On June 13, 2012, Petitioner was charged in a six-count Indictment with one count of conspiracy to commit Hobbs Act robberies and attempted robberies, three counts of substantive Hobbs Act robbery and attempted Hobbs Act robbery, and two Section 924(c) firearm counts related to his use and brandishing of firearms (and aiding and abetting of such use and brandishing of firearms) during and in relation to two of the three substantive robbery offenses, in violation of 18 U.S.C. §§ 1951, 924(c)(1)(A)(ii), 924(c)(1)(C), and 2.

On October 1, 2013, Petitioner pled guilty to Counts One and Three of the Indictment, pursuant to a plea agreement dated May 14, 2013, and signed by Petitioner and his attorney. (*See* Dkt. 41, Ex. A.) Count One charged Petitioner with conspiracy to commit Hobbs Act robberies and attempted robberies. The plea agreement described the § 924(c) firearm count, Count Three, in relation to the Hobbs Act robbery charged in Court Two:

> Count Three of the Indictment charges the defendant with using, carrying, and possessing a firearm, which was brandished, during and in relation to a crime of violence, to wit, the robbery charged in Court Two in violation of § 924(c)(1)(A)(ii).

(*See* Dkt. 41, Ex. A at 1.) Count Two of the indictment, to which Petitioner did not plead guilty, charged Hobbs Act robbery. (*See* Indictment, Dkt. 4.)

The Indictment and Plea Agreement—both of which Petitioner stated that he reviewed with his attorney—were clear regarding the nature of the charge in Count Three. (*See* Oct. 1, 2018 Tr. at 4:11-24.) At Petitioner's plea allocution, the Court apprised him of the nature of the

2

charge. Specifically, the Court stated, "Count Three charges you with using a firearm which you brandished during and in relation to the substantive crime charged in Count Two, which is the robbery." (*Id.* at 8:4-6.) The Government, however, when called upon to recite the elements of the charges, described the charges in Count Three inconsistently with the plea agreement:

> Count Three charges the defendant with using and possessing a firearm or aiding and abetting the use of a firearm in connection with a crime of violence and here in connection with the robbery conspiracy charged in Count One, and Count Three has the following elements: First, the defendant committed a crime of violence for which he may be prosecuted in a court of the United States and here as I said it would be the crime of violence of the robbery conspiracy charged in Count One...

(*See* Oct. 1, 2018 Tr. at 14:6-10.)

Petitioner, however, allocated not to the conspiracy charged but to his involvement in the use and brandishing a gun during the substantive robbery charged in Count Two. The following exchange took place:

> The Court: Mr. Morgan, could you please rise, tell us in your own words what you did?
>
> The Defendant: In about October 11, 2008 I participated in a robbery by removing property from a commercial establishment located in the Bronx County. During that robbery a firearm was brandished by my co-conspirator and I knew what I was doing, it was wrong.
>
> The Court: You robbed somebody with the assistance of somebody else, is that correct?
>
> The Defendant: Yes, sir.
>
> The Court: You agreed with somebody else who was going to do the robbery?
>
> The Defendant: Yes, sir.

(*See* Oct. 1, 2018 Tr. at 15:19-16:6.) The Government proffered that the effect on interstate commerce was that the target of the robbery, at least some of the targets were businesses that operated in interstate commerce and the businesses sold goods that traveled in interstate commerce and had customers from out of state. (*Id.* at 15:4-9.) The Court found that Petitioner's guilty plea was knowing, voluntary, and was supported by an independent basis in

3

fact and accepted the plea. (*Id.* at 16:22-17:7.)

Between the guilty plea and sentencing, Petitioner made no effort to withdraw his plea. Petitioner's own sentencing submission, recognized he "pled guilty to counts one (1) and three (3)" and that count three states "that Mr. Morgan and his co-conspirators carried or possessed a firearm which was brandished during and in relation to the robbery charged in count two (2) of the Indictment. (*See* Dkt. 41, Ex. B.)

On March 20, 2014, Petitioner was sentenced to 132 months' imprisonment: 48 months on Count One, and the mandatory minimum and consecutive sentence of 84 months on Count Three. (*See* Mar. 20, 2014 Tr., Dkt. 28; Dkt. 25.)

Petitioner filed this § 2255 action in June 2016. (*See* Dkt. 34.) The case was stayed to await decisions in ongoing Second Circuit and Supreme Court litigation bearing on Petitioner's claims. After *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), holding that a conspiracy to commit a Hobbs Act robbery is not a "crime of violence" sufficient to be a predicate offense to § 924(c), the stay was lifted.

## DISCUSSION

Petitioner argues that he never pleaded to the substantive robbery charge, which was dismissed and that his plea allocation reflects "ambiguity" regarding whether he pleaded to a § 924(c) count predicated on a substantive Hobbs Act robbery or a robbery conspiracy. The Court holds that Petitioner pleaded to brandishing a firearm in furtherance of a Hobbs Act robbery as set forth in the plea agreement, not conspiracy to commit Hobbs Act robbery. Accordingly, *Hill* controls the result. 890 F.3d at 53.

No different conclusion is warranted by the Government's decision to dismiss, at the

4

sentencing, the substantive Hobbs Act robbery charge. "The plain language of § 924(c) requires only that the predicate crime, whether of drug trafficking or violence, have been committed; the defendant need not be separately charged with that predicate crime and be convicted of it, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *United States v. Rivera*, 679 F. App'x 51, 55 (2d Cir. 2017); *accord United States v. Johnson*, 779 F.3d 125, 129-130 (2d Cir. 2015). Because Petitioner's own allocution provided the factual basis for the underlying Hobbs Act robbery offense, his challenge fails. At the plea allocution, the Court informed the Petitioner that Count Three charged him "with using a firearm which you brandished during and in relation to the substantive crime charged in Count Two, which is the robbery." (Oct. 1, 2018 Tr. at 8:4-6.) Petitioner's allocution was a clear confession to brandishing a firearm in furtherance of a Hobbs Act robbery. Despite the Government's mistaken description of § 924(c) offense during the plea hearing, Petitioner testified that he "participated in a robbery by removing property from a commercial establishment" and that "[d]uring that robbery a firearm was brandished by my co-conspirator and I knew what I was doing, it was wrong." (*Id.* at 15:19-16:6.)

Additionally, the Plea Agreement and the Indictment made clear that the Section 924(c) charge in Count Three was predicated on the substantive Hobbs Act robbery charged in Count Two, and not to the Hobbs Act conspiracy charged in Count One—as did Petitioner's own sentencing submissions. In sum, the plea agreement, the Indictment, and the Court gave clear notice to Petitioner that the Hobbs Act robbery charged in Count Two was the predicate for Count Three the § 924(c) count. His own allocution made it clearer that the § 924(c) count was in fact predicated on the substantive Hobbs Act robbery, a crime of violence under *Hill*. *See* 890 F. 3d 51. Petitioner's Section 924(c) conviction under Count Three of the Indictment is thus,

5

valid under the Second Circuit's decision in *Hill*. A resentencing on the remaining Count Three, as requested, would not alter the result.

## **CONCLUSION**

For the reasons stated, the § 2255 petition is denied. The Clerk of the Court is directed to terminate the motion at Docket 33, Docket 39, and Docket 40 (12-cr-464).

Dated: New York, New York　　　　　　　　SO ORDERED
　　　　April 8, 2020

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PAUL A. CROTTY
　　　　　　　　　　　　　　　　　　　　　United States District Judge